## HARVEY GREEN

*v.*

## THE CITY OF CHICAGO.

*Filed at Ottawa February 3, 1881.*

1. RIGHT OF WAY—*rule for estimating compensation.* Where land is taken for a public improvement, the compensation which both the statute and constitution require to be made to the owner, is the value of the land taken, without regard to any supposed benefits or damages that may result to adjacent property by reason of the proposed improvement, and the compensation in no

case should be less than the land will sell for in a fair and open market, where it has a marketable value.

2. SAME—*rule upon a partial taking.* In every case of a partial taking, the proper inquiry is as to the true value of the part taken, without regard to whether the remaining part is benefited or damaged. If the part taken is of such size and shape as to be available for purposes of business or habitation, and, by reason thereof, has a marketable value, that must control. On the other hand, if it is of such size and shape as not to be available for either of these purposes, then its relative value as a part of the entire lot, and other considerations, must be looked to in determining its actual value.

3. SAME—*damages as to part not taken.* Where the owner interposes a claim for compensation on account of damages to the part not taken, its value after such taking, as compared with the value of the entire lot before the taking, is not only an important, but a necessary factor in determining what, if any, compensation he is entitled to receive.

4. SAME—*evidence upon which the jury may act.* The amount of compensation for land taken for a public improvement is a question of fact, to be found by the jury, from an actual survey of the premises, when that is practicable, their own knowledge of values, and the opinions of witnesses who are familiar with the subject of inquiry and whose business in life has afforded them opportunities of acquiring information and of judging accurately upon the question.

5. SAME—*jury not bound by opinion of witnesses as to value.* While it is proper, on the examination of witnesses as to the value of property sought to be condemned for public use, to call out the various theories and processes upon which their conclusions are based, to ascertain their correctness, yet the jury, after all, must determine the question of value according to their own judgment of what seems to be just and proper from all the evidence before them.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. DECKER & FRENCH, for the appellant.

Mr. FRANCIS ADAMS, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court of the First District affirming a judgment of the Superior

Court of Cook County, rendered upon the verdict of a jury in a condemnation proceeding, fixing the amount of compensation to be paid by the city of Chicago to Harvey Green for parts of certain lots proposed to be taken by the city in the widening of State street between Twelfth street and Egan avenue. Green was the owner of ten lots, all fronting on the east side of State street, and of the depth of one hundred and twenty feet each. This street was sixty-six feet wide, but by the proceeding in question it was proposed to take thirty-four feet off the west end of these lots of appellant for the purpose of extending its width to one hundred feet. The jury allowed appellant, as compensation for the west thirty-four feet of lots from one to five inclusive, $1650, and for the west thirty-four feet of the remaining lots $1750, and nothing on account of damages to the remaining parts of the lots by reason of the proposed improvement.

No exceptions are taken to the regularity of the proceedings. Appellant is simply dissatisfied with the amount of compensation awarded him by the jury, and complains of the instructions, and the rulings of the Superior Court in the admission and rejection of testimony.

Where land is taken for a public improvement, as in this case, the compensation which both the statute and the constitution require to be made to the owner is the value of the land taken, without regard to any supposable benefits or damage that may result to adjacent property by reason of the proposed improvement for which such property is taken, and the compensation, in no case, should be less than the land would sell for in a fair open market, where it has a marketable value. The value or amount of compensation in every such case is a question of fact, to be determined by the jury, from an actual survey of the premises, when that is practicable, their own knowledge of values, and the opinions of witnesses who profess to be familiar with the subject of inquiry, and whose business in life has afforded them opportunities of acquiring

information and of judging accurately upon the question. *Village of Hyde Park* v. *Dunham,* 85 Ill. 569.

While, on the examination of such witnesses, it is proper to call out the various theories and processes by which their respective conclusions are reached, whether they be correct or false, yet the jury, after all, must determine the question of value according to their own judgment of what seems to be just and proper from all the evidence before them.

It is their duty to consider these theories and processes in connection with the other evidence in the case, but they are not bound by any of them unless they believe they lead to the proper result and are in harmony with the weight of the testimony.

Inasmuch as the value of the land taken is purely a question of fact, to be determined by the jury from the particular circumstances in each case, it is believed no general rule can be laid down applicable alike to all cases. All that may be safely or properly done, is to lay down general rules with respect to specific classes of cases, subject to such modifications as the special circumstances may require. Where, in any case, the different theories and processes submitted by witnesses for ascertaining the value of property taken lead to widely differing results, and the opinions of the witnesses themselves are conflicting and wholly irreconcilable, and there is sufficient evidence upon which the verdict may be sustained, the court ought not to disturb it, unless it is manifest, from all the circumstances in the case, the jury adopted a false theory in arriving at their conclusion, in which event the verdict ought to be set aside.

Where the whole of a lot is taken for the purpose of widening a street, or other public improvement, but little, if any, room is left for diversity of opinion with respect to the mode of determining the amount of compensation. In all such cases, where the property taken has a marketable value, that alone furnishes the true measure of compensation. It is only in cases of partial taking that any serious difficulty is encount-

ered in determining the amount of damages, yet the measure of compensation is precisely the same as where the entire lot is taken.    In either case the owner is entitled to the actual value of the property taken,—no more and no less; and in the case of a partial taking, the amount he is to receive does not at all depend upon the value of the remaining portion after such taking.    Hence, in every case of partial taking, the proper inquiry is as to the true value of the part taken, without regard to whether the remaining part is benefited or damaged.    If the part taken is of such size and shape as to be available for purposes of business or habitation, and by reason thereof has a marketable value, that must control.    On the other hand, if it is of such size or shape as not to be available for either of these purposes, then its relative value as a part of the entire lot, and other considerations, must be looked to in determining its actual value.    Of course, where the owner interposes a claim for compensation on account of damages to the part not taken, its value, after such taking, as compared with the value of the entire lot before the taking, is not only an important, but a necessary factor in determining what, if any, compensation he is entitled to receive.

Upon a careful examination of the instructions in this case, we see nothing in them in conflict with these general principles, which are fully recognized by the previous decisions of this court.

Whether the appellant, under the evidence, was entitled to more compensation than that allowed him by the jury, is a question, under the law, we are not permitted to review, hence it would not be proper to discuss it, even if we believed the conclusion reached by the other courts was erroneous.

The amount of damages which appellant was entitled to recover was purely a question of fact for the jury.    The same question, on appeal, was presented to the Appellate Court for review, and that court, by its affirmance of the judgment of the court below, has, in effect, decided it in the same way the

jury did, and this must be accepted as a final determination of the question.

Perceiving no error in the record, the judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*