JOSEPH SPEAR

*v.*

THE DRAINAGE COMMISSIONERS.

*Filed at Ottawa May 15, 1885.*

1. COSTS—*apportionment, on appeal.* On the trial of an appeal in the county court from a special assessment under the Drainage act, the assessment on appellant's land was reduced from $302.50 to $250. On appellant's motion to apportion the costs, the court ordered and adjudged that he pay two-thirds of the costs: *Held,* that this was not such an abuse of the discretion of the court as to justify a reversal.

2. EVIDENCE—*opinions of witnesses as to benefits from drainage.* Persons residing in the neighborhood of lands proposed to be improved by drainage, are competent witnesses to give their opinions as to how much such land will be benefited by the proposed drainage, on the trial of an appeal from a special assessment, without its being first shown that they have some special knowledge or training on the subject.

3. SAME—*opinions of non-expert witnesses, generally.* The opinions of non-professional witnesses about the ordinary affairs of life are admissible in evidence in all cases where, from the nature of the question involved, its answer necessarily depends upon mere opinion. This is peculiarly so in respect to questions of value, time, distance, weight, etc.

4. DRAINAGE—*elements of benefits to land.* On the trial of an appeal from the assessment of benefits to a party's land by a proposed drainage, the jury may take into consideration not only the benefit to the party's land assessed, by the drainage of the same, but also the benefit he may derive by the drainage of a slough which separates him from his other land, and thereby obviates the necessity of his bridging the slough to reach such other land; and there is no error in the admission of evidence showing such additional benefit.

Writ of Error to the County Court of Whiteside county; the Hon. William J. McCoy, Judge, presiding.

Mr. C. L. Sheldon, for the plaintiff in error:

Opinions of witnesses as to amount of benefits or damages sustained by a party, are not competent. *Yost* v. *Convoy*, 92 Ind. 464; *Railroad Co.* v. *Fitzpatrick*, 10 id. 120.

Messrs. Bennett & Green, for the defendants in error:

The opinions of witnesses, based upon a thorough acquaintance with the land, and in most instances upon considerable experience in drainage, were certainly competent. *Green* v. *City of Chicago*, 97 Ill. 370; *Railroad Co.* v. *Henry*, 79 id. 290; *Hayes* v. *Railroad Co.* 34 id. 373; *Railroad Co.* v. *Haslam*, 73 id. 495.

Mr. Justice Mulkey delivered the opinion of the Court:

In a proceeding under the Drainage act, commenced by the commissioners of Union district No. 5, in Montmorency and Caloma townships, Whiteside county, this State, for the purpose of constructing certain ditches for drainage purposes, and assessing the cost thereof upon such of the lands lying within the district as would be specially benefited thereby, they assessed a certain tract of land lying therein, and belonging to Joseph Spear, the plaintiff in error, at $302.50. This assessment, on appeal by Spear, was reviewed and confirmed by three supervisors. From the order of confirmation Spear then appealed to the county court of Whiteside county, where the cause was tried *de novo*, before the court and a jury, resulting in a reduction of the assessment to $250, for which latter sum final judgment was entered.

Upon a motion by plaintiff in error to apportion the costs, on the ground the amount of the assessment had been materially reduced, the court adjudged and directed that plaintiff in error pay two-thirds of the costs,—and the ruling of the

court in this respect is assigned for error. We do not think there was such an abuse of the discretion of the court in thus apportioning the costs, as to warrant a reversal for that reason.

We also regard as equally untenable the claim of plaintiff in error that the evidence is so manifestly insufficient to sustain the verdict of the jury as to require a reversal of the judgment. Assuming the witnesses on behalf of defendants in error are trustworthy, of which it was the special province of the jury to determine, we think the evidence is quite sufficient to sustain the finding.

It is also objected that the court erred in permitting witnesses to give their opinions as to how much the land of plaintiff in error would be benefited by the proposed drainage, without its being first shown they had some special knowledge or training on that subject, and the cases of *Evansville Railroad Co.* v. *Fitzpatrick*, 10 Ind. 120, and *Yost* v. *Convoy*, 92 id. 464, cited by plaintiff in error, seem to support the position. The reasoning of the court in those cases seems to be, that to admit such testimony "would put the witnesses in the places of the jurors, and commit them to the amount of recovery." If this reasoning is to be extended, it would certainly lead to the exclusion of this kind of testimony in many cases where the right to introduce it has never been questioned. It is a matter of every day experience to introduce testimony of this kind in condemnation cases, and other cases where the question is how much an adjacent piece of land has been injured by some improvement, such as the excavation of a ditch, the throwing up of an embankment, and the like; and the right to do so is fully recognized by this court. (*Green* v. *City of Chicago*, 97 Ill. 370.) Indeed, the right to introduce in evidence the opinions of non-professional witnesses about the ordinary affairs of life, is admissible in all cases where, from the nature of the question involved, its answer necessarily depends upon mere opinion or judgment.

This is particularly so in respect to questions of value. It is only in cases where "a previous habit or study" is essential to the formation of the opinion sought to be put in evidence, that all but experts are excluded. It is the constant practice to permit non-professional witnesses to give their opinions upon matters relating to time, distance, weight, values, etc. So, also, in respect to the appearance of persons or things, when such an inquiry becomes important in a judicial proceeding. Thus, a non-professional witness may state whether a given individual, at a particular time, appeared to be sad or cheerful, angry or pleased, thoughtful or frivolous, drunk or sober, and the like. So we have no doubt that it is competent for farmers living in the immediate neighborhood of low lands which it is proposed to drain, to give their opinions as to what extent, if any, it would increase their value,—and that is substantially what was done in this case. It may be conceded if the question had simply been whether the system of drainage indicated by the plan and specifications of the work would be successful or not, the opinions of these witnesses would not have been competent; but that was not the question upon which their opinions were received in evidence.

It is also objected that the court erred in admitting evidence tending to show that the value of the land of plaintiff in error would be thereby materially enhanced in excess of such increased value as would result from the mere drainage of the land, and that the court also erred, in this connection, in giving to the jury the following instruction:

"The court further instructs the jury, that in determining the question of benefits to be conferred, if any, upon the lands in question by the proposed ditches, they are at liberty to take into account not only any increase in the value, for agricultural purposes, of those portions of such tracts from which water will be drained by said ditches, if any such has been shown by the evidence, but also any increase in value of tracts

assessed, if any, so far as shown by the evidence, resulting from such drainage of the wet portions of such tracts, making the dry portions of the same tract more accessible and available for farming purposes."

Defendants in error had been permitted to show, against the objections of plaintiff in error, that the latter was the owner of a piece of land lying on the south side of a certain slough running through the lands proposed to be drained, which he cultivated by a tenant of his living on the north side, and that at certain times the tenant, in going to and from his work, had to seek a crossing over the land of an adjoining owner, by means of a bridge which the latter had constructed for his own convenience. Upon the hypothesis the proposed drainage would give the plaintiff at all times a direct crossing to his lands on the south side of the slough without the construction of such a bridge, the defendants in error were permitted to further show what it would cost to construct a bridge over the slough, so as to give plaintiff and his tenants a direct crossing. It is to this evidence the above instruction specially relates. Other evidence of a similar character was admitted, and instructions given recognizing the same view of the law, against the objections of plaintiff in error. A majority of the court are of opinion there was no error in the admission of the evidence or in the giving of the instruction in question,—a view in which the writer of this opinion does not concur. Upon a careful consideration of the various provisions of the statute, he is of opinion there is no authority for assessing or estimating any benefits except such as directly result from the drainage of the land; but a majority of the court being of a different opinion, it follows there was no error in the respect stated.

The judgment will therefore be affirmed.

*Judgment affirmed.*