## METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

### *v.*

### WARREN SPRINGER.

*Opinion filed December 22, 1897—Rehearing denied February 15, 1898.*

1. EMINENT DOMAIN—*interference with perpetual easement invades a property right.* A perpetual easement of travel, light and air in a private alley is a property right, which is invaded by the erection by an elevated railroad company of pillars extending into the alley the distance of one foot.

2. SAME—*land lying under projecting superstructure of elevated road is "taken."* Land lying underneath the projecting superstructure of an elevated railroad is "taken" to the extent of the projection.

3. DAMAGES—*land "taken" must be paid for without considering benefits.* Where land taken for public use is of such shape and size as to have a market value such value must control the question of damages, and benefits cannot be taken into consideration.

4. SAME—*the rule forbidding consideration of benefits does not apply to land alone.* The rule that the damage to land actually taken can not be reduced by considering benefits applies to property, rights in property and uses of property of which the owner will be actually deprived, or the use, benefit or enjoyment of which will be directly and physically interfered with.

5. SAME—*measure of compensation for property not taken.* The compensation which an owner of property adjoining an alley, in which is constructed an elevated railroad, is entitled to recover, is measured by the depreciation in value of the property caused by the construction and operation of the railroad.

6. SAME—*effect of improvement must be considered in determining damage.* In determining the amount of compensation to be awarded for property damaged by the construction and operation of an elevated railroad, the effect of the improvement upon the particular property in question must be considered.

7. SAME—*effect of improvement must be considered as a whole.* The effect of an improvement upon property not taken should be considered as a whole, and a proposition of law which selects a single element and makes the damage to the property dependent upon a deprivation of that element alone, should be refused.

8. SAME—*damage to property not taken is not determined by principle of set-off.* Damage to property not taken is not to be determined by any principle of set-off, but only by finding, from the evidence, whether its value is diminished by reason of the improvement.

9. APPEALS AND ERRORS—*when modification of correct proposition of law is harmless error.* An improper modification of a correct propo-

sition of law is harmless error, where the modification amounts merely to a holding that if the proposition was understood according to its terms it was correct, but not otherwise.

10. SAME—*one cannot complain of error in his own favor.* One can not complain of a modification of his proposition of law where it should not have been given either with or without modification.

11. SAME—*award of damages not disturbed unless clearly against the evidence.* The amount of damages awarded in condemnation by the jury, or by the court where a jury is waived, will not be disturbed, on appeal, unless clearly against the weight of evidence.

CRAIG, WILKIN and CARTWRIGHT, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This was a proceeding in the circuit court of Cook county, brought by the Metropolitan West Side Elevated Railroad Company, against Warren Springer, to condemn certain premises to be used in the construction and operation of its road in the city of Chicago. The defendant, Springer, filed a cross-petition to recover damages sustained to adjacent premises not taken but damaged, and on a trial before the court without a jury he recovered a judgment for the property taken and damaged, $61,000. To reverse this judgment the petitioner appealed.

The premises sought to be condemned are described in the petition as the north 7½ feet of the north 15 feet of lots 9 and 10, in block 52, school section addition to Chicago, in Cook county, Illinois, subject to the easements conveyed to the grantee, his heirs and assigns, in a certain warranty deed from Warren Springer, as grantor, to Horace A. Hurlbut, as grantee, dated December 1, 1888, and filed for record in the recorder's office of Cook county on the 4th day of February, 1889; and the south 7½ feet of the north 15 feet of said lots 9 and 10 to the extent of the easements reserved to the grantor in and by the warranty deed aforesaid.

By a cross-petition filed July 5, 1894, Springer set up his ownership in the premises north of and adjacent to

the above described premises, viz., lot 3 and the south 15 feet of lot 4, and lots 5, 6, 7 and 8, of said block 52. Said lots 3, 6 and 7 front upon Canal street, and the south 15 feet of lot 4 and lots 5 and 8 front upon Clinton street, the premises extending from Canal street to Clinton street, a distance of about 319½ feet. These premises described in the cross-petition have a frontage upon Canal street of about 150 feet and a frontage upon Clinton street of about 115 feet. The cross-petition also claims a perpetual easement over the north 15 feet of lots 9 and 10, in block 52, being the premises described in the petition and sought to be acquired by the railroad company.

It appears from the record that on December 1, 1888, Warren Springer, being the owner of lots 9, 10, 11 and 12, in block 52, by deed of that date conveyed the lots to Horace A. Hurlbut. The premises were described in the deed as lot 9, except the north 7½ feet thereof; lot 10, except the north 7½ feet thereof, and the whole of lots 11 and 12, in block 52, school section addition to Chicago. The deed, after reciting that the conveyance was made subject to three trust deeds therein described, contains the following clause: "It is expressly covenanted and agreed by and between the parties hereto, that the north fifteen (15) feet, more or less, of said lots nine (9) and ten (10), now used as a private alley, shall forever remain, on and above the surface thereof, free and clear of all buildings and erections of all kinds, and shall be used as and for a private alley only for the use of the owners and occupants of the other portion of said lots nine (9), ten (10), eleven (11) and twelve (12), and of lots seven (7) and eight (8), in said block fifty-two (52), but that said party of the second part, his heirs and assigns, shall have the right to use forever said fifteen (15) foot strip of land beneath the surface thereof for any purpose or purposes he or they may see fit to use the same for: *Provided, however*, such use shall not materially interfere with the use of the surface of said fifteen (15) feet of land for a private alley, as herein expressed:

*And provided further*, that said party of the second part, his heirs and assigns, shall not remove or injure any part of the foundations of the buildings now standing upon the said lots seven (7) and eight (8) that extend into and upon said fifteen (15) foot strip of land, or of the foundations of any buildings that may be erected on said lots seven (7) and eight (8) in place of those now standing thereon, the foundations of which may extend three (3) feet and no more into and upon said fifteen (15) foot strip of land and beneath the surface thereof."

After the execution of this deed Springer erected upon the premises north of and adjoining the 15-foot strip a large manufacturing building, the Canal street frontage being 145 feet on Canal street by 160 feet in depth, ten stories high; and two buildings on Clinton street, adjoining each other, one 60 by 160 feet and the other 50 by 135 feet, eight stories and basement in height. These buildings were erected for manufacturing purposes, and rented out to various parties engaged in that business, Springer furnishing power, heat and light. The whole south side of the building extending from Canal to Clinton street received light from this private alley. At the time of the conveyance of lots 9 to 12 inclusive there was a building on the lots fronting on Canal street about five stories and basement in height and two stories and basement on Clinton street, the building extending through from Clinton to Canal street. The north wall of this building was 14 feet south of the south wall of the Springer building, and the alley was used by the occupants of the two buildings as a private alley for some three years, when the building south of the alley was taken down and a tunnel constructed on a portion of the lots. The petitioner, the elevated railroad company, prior to the trial had procured the property on the south side of the alley. This property was 90 feet wide, and extended from Canal street to Clinton street. The petitioner proposed to erect its railroad on the premises owned by it on the south side

of the alley. The foundations for the structure along the south line of the alley, some seven in number, projected one foot into the alley. The superstructure projected over the alley, at an elevation of some 14 feet above its surface, a distance of about 12 feet. The alley in question, as appears from the evidence, was 15 feet wide and 320 feet long, containing 4800 square feet.

The evidence as to the compensation which should be paid for land taken and as to the damage to land not taken was exceedingly conflicting. The witnesses estimated the value of the land occupied by the pillars at from $1800 to $2250, and the damage to the alley at from $27,000 to $210,000, and the total damage at from $27,000 to $367,000.

The cause was tried by the court without a jury, and the compensation and damage were assessed at $61,000, and petitioner excepted. The petitioner submitted certain propositions to be held as law, and the modification of some and refusal of others were excepted to. Petitioner prosecutes this appeal, and assigns as error that the damages were excessive, and that the court erred in modifying and refusing propositions submitted by petitioner to be held as law.

E. J. Harkness, Wilson, Moore & McIlvaine, and W. W. Gurley, for appellant.

William J. Ammen, W. N. Gemmill, A. C. Story, and H. Crea, for appellee.

Mr. Chief Justice Phillips delivered the opinion of the court:

The contention of appellant is that only one foot on the south side of the alley was actually taken, whilst the contention of appellee is that the projecting superstructure was, to the extent it so projected, an actual invasion of property rights and a taking in law and fact. This alley was 15 feet wide, and was all on the north side

of lots 9 and 10.   By the deed from Springer to Hurlbut lots 9 and 10 were conveyed, except the north 7½ feet. Under the covenant contained in the deed the grantor retained valuable rights in the alley.   He retained the perpetual right to use it for the purpose of hauling such material to and from his building as he might see proper, and to travel over and upon it in any manner and for any purpose he might desire.   He also retained the right to construct foundations beneath the surface of the alley to a distance not exceeding three feet.   Under the covenant that no buildings or erections whatever should be placed upon the alley above the surface thereof, he retained a perpetual easement of light and air, to be used and enjoyed by him in the use of his buildings erected upon the line of the alley.   His buildings were erected for manufacturing purposes, and light and air from this alley increased their value for that purpose.   The actual title of the north 7½ feet of the alley was in the appellee, and this title and his easement in the south 7½ feet reserved in the deed were both property rights.

It is a maxim of the law, *cujus est solum ejus est usque ad cœlum*, and by taking one foot on which the pillars were placed, on the south side of the alley, the rights reserved in the deed were invaded, and by the projecting superstructure to the extent of about 12 feet all the land in which appellee's easement existed, and about 4½ feet of that which he never conveyed, was occupied and taken. If that projecting superstructure did not constitute a taking of land, then, if this appellant had placed its pillars all on its own land south of the alley, it might have made the superstructure project 11 feet over the alley, and then, there being no taking of appellee's property, it would not have been necessary to condemn.   The statement of that proposition is a refutation of itself, and a discussion of why it is not sound is rendered unnecessary. The property taken was that occupied by the pillars and that over which the superstructure projected.   The man-

ner and character of the taking were shown by the plans and specifications.    The right acquired by the appellant by the condemnation was to that extent.

The cross-petition alleged damage to property not taken.    In the evidence under the original and cross-petition there is a direct conflict in the testimony introduced on the trial.    The conflict exists not only in regard to the land taken, but in regard to the damages to the property not taken.    Where there is such conflict in the evidence as in this case, the rule is settled that the verdict of a jury,—or the judgment of the trial court, where a jury has been dispensed with by agreement,—will not be disturbed unless clearly contrary to the weight of the evidence.    Such is not the case here.    Moreover, by agreement of the parties the court viewed the premises, and in that way obtained information in regard to the damages sustained, in addition to the evidence introduced on the trial, which cannot be shown by the record.    There is therefore no ground for reversing the judgment for the alleged reason that the judgment is not warranted by the evidence, as we cannot say the amount allowed as damages and compensation was excessive, as shown by the evidence in this record.

The other question presented on this record is, whether there was error in refusing or modifying propositions presented by the appellant to be held as law.    The first proposition refused was:

"The court holds, as a matter of law, that the market value of the property actually taken by the petitioner for the purposes specified in its petition cannot be reduced by benefits arising from the construction or operation of petitioner's railroad, but this rule is confined to property of which the respondent will be actually deprived.    And the word 'property,' in this connection, does not refer to mere intangible rights, but to lands and improvements.    The effect of taking away such portion, and of the construction and operation of petitioner's rail-

road, upon the value of respondent's other property not so taken, described in his cross-petition, is consequential, only; and in considering what amount, if anything, should be awarded to respondent for such consequential effects, the court will balance the elements of injury and the elements of benefit which will accrue thereto from constructing and operating such railroad according to the petition, stipulation and plans in evidence, and will award to respondent, for this element of his compensation, only the amount of net loss, if any, so shown by the evidence to be suffered."

Where land is actually taken it must be paid for, and no question of benefits can be considered. Here a portion of the alley was actually taken, and if it was of such size and shape as to be used for or devoted to business purposes, and by reason thereof had a market value, that must control. On the other hand, if it is to be regarded of such a size or shape as not to be available for business purposes, then its relative value as a part of the entire lot, and other considerations, may be looked to in determining its actual value, as held in *Green* v. *City of Chicago*, 97 Ill. 370. This proposition would have authorized the benefits to be considered against the value of the property taken, as it states, "the effect of taking away such portion, and of the construction and operation of petitioner's railroad, upon the value of respondent's other property not so taken is consequential," and concludes with the statement that for such element of compensation only the net loss could be awarded. It was not error to refuse this proposition.

The following proposition was modified and held as modified:

"The court holds, as a matter of law, that the market value of the property actually taken by the petitioner for the purpose specified in its petition cannot be reduced by benefits arising from the construction or operation of petitioner's railroad; but this rule is confined to property,

*rights in property and uses of property* of which the respondent will be actually deprived, *or the use, benefit or enjoyment of which will be directly and physically interfered with.* The effect of taking away such portion, and of the construction and operation of petitioner's railroad upon the value of respondent's other property not so taken, described in his cross-petition, is consequential, only; and in consid- ering what amount, if anything, should be awarded· for such consequential effects, the court will balance the ele- ments of injury and the elements of benefit which will accrue thereto from constructing and operating such a railroad according to the petition, stipulations and plans in evidence, and will award to respondent for this ele- ment of his compensation only the amount of net loss, if any, so shown by the evidence to be suffered."

The proposition as originally presented was modified by the court by the insertion of the words in italics, and the modification is relied upon as error. The first part of this proposition declares that the market value of the property actually taken by the petitioner for the purpose specified in its petition cannot be reduced by benefits arising from the construction or operation of petitioner's railroad. So far there is no objection to the proposition, and had it gone no further no objection could have been urged against it. But the proposition proceeded, "but this rule is confined to property of which the respondent will be actually deprived." It is not entirely clear what was intended by counsel in the use of the words "property of which the respondent will be actually deprived." If the object was to limit the term "property" to the number of square feet of land in the alley actually occupied by the columns upon which the track of the elevated rail- road rested, and to exclude the space above the surface of the ground on which the railroad was constructed,— which seems to have been the case,—then the proposition was inaccurate and misleading, and the court properly qualified the proposition so that it read, "this rule is con-

fined to property, rights in property and uses of property of which the respondent will be actually deprived, or the use, benefit or enjoyment of which will be directly and physically interfered with." If respondent's use and enjoyment of any part of the alley were directly and physically interfered with in the construction and operation of the road in the alley, there would be, to the extent of such physical interference, a taking of property within the spirit of the law. Whether the physical interference was on the surface of the alley or above the surface, obstructing the light and air, in either event there would be a taking of property. Respondent's title to the alley was not confined to the surface of the ground, but it extended to the space above. His title to the space above the surface of the ground was as valid as his title to the surface of the ground, and if he was entitled to recover for the taking of one, upon principle he was entitled to recover for the taking of the other.

Petitioner requested the court to hold the following:

"The court holds that the amount of compensation which respondent is entitled to recover by reason of his ownership of the following described premises," (describing the premises set out in the cross-petition,) "is measured by the depreciation or diminution in the value of said premises by reason of the construction and operation of petitioner's railroad in the manner shown by the petition, plans and stipulations filed and offered in evidence in this case."

The court refused to hold the proposition as requested, but modified it by adding the following: "The above is a correct statement of the law if limited to the claim for compensation made in the cross-petition for damages to the property above and therein described, but incorrect if applied to the compensation to be awarded for the taking of the property described in the petition."

The proposition as asked stated a correct proposition of law, and the court should have indorsed it "held." But

what was the modification? It·amounted to no more than saying that if the proposition was understood according to its terms it was correct.    The judge was uncertain as to its meaning, and said that if it applied to the taking of property described in the petition it was incorrect.    In each clause of the modification a correct rule of law was stated.    The modification was unnecessary.    It did not, however, affect the finding, and could not have misled the judge who wrote it, and hence was harmless error.

The petitioner requested the court to hold the following proposition of law:

"The court holds that in determining the compensation which should be awarded to respondent on account of the interference with the light of his building situated north of and adjacent to the property described in the petition in this cause by the construction and operation of petitioner's railroad, the court should take into consideration the effect, as shown by the evidence, of such construction and operation of said railroad upon the whole of said building, and not simply upon that portion of said building below the level of said railroad or the cars used upon the same."

The court refused to hold the proposition as requested, but modified the same as follows: "This is correct if limited·to the direct and immediate effect of the construction and operation of petitioner's railroad upon the light of the˙ building mentioned, but incorrect if applied to any supposed increase of light to said building which·may result from any failure or inability to erect a tall building on the premises south of and adjoining the premises described in the petition, where there was no building at the time of the filing of the petition."

The measure of damage to land not taken is the difference in value of the land before the proposed construction and what it will be afterward.    The effects flowing from the proposed work upon the particular property must be taken into consideration in determining how the

value of the land is affected, and if its value is not diminished the owner has sustained no damage. (*Metropolitan West Side Elevated Railway Co.* v. *Stickney*, 150 Ill. 362.) And this question is to be determined by considering the whole effect of the work on the property not taken. In this case it was sought to be shown by the evidence that by the construction of the road and its operation the space south of appellee's building to the line where a building could be erected would be much greater than the width of the alley, and the appellee's building above the road would have more light and air by reason of such increased width between buildings. Damage to land not taken is not to be determined by any principle of set-off. It is to be determined only by a finding, from the evidence, as to whether its value has been diminished by reason of the proposed work. All elements may be taken into consideration by the witnesses in determining for themselves whether the property is diminished in value or not. There was evidence that the rental value of the building above the road would be affected by reason of moving trains, noise, smoke, etc., and by the loss of light and air, and there was also evidence to the contrary. This proposition singles out one of these elements and asks the court to consider that in determining the compensation to be awarded. The judge was not required to find specially, and should have refused the proposition, as the only question for him to determine was whether the value of the property was diminished or not from all causes, as shown by the evidence. In addition to this, the modification did not mislead the judge and did not affect the finding. The modification did not prejudice the appellant's rights, and as the proposition should not have been held the appellant cannot complain of its modification.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

CRAIG, WILKIN and CARTWRIGHT, JJ., dissenting.