(No. 11656.—Judgment affirmed.)

THE CITY OF CHICAGO, Appellee, *vs.* JAMES F. LORD *et al.*— (THE NEW YORK CENTRAL RAILROAD COMPANY *et al.* Appellants.)

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

EMINENT DOMAIN—*when a railroad company is not entitled to claim consequential damages.* For the land actually underlying pillars, piers and columns supporting a viaduct constructed over railroad yards by a special assessment proceeding for widening a street the railroad company is entitled to compensation as for land actually taken, but if damages for re-adjusting the tracks have been allowed and benefits have been assessed, as to which no complaint is made, the company is not entitled to consequential damages because of the fact that the spaces between the pillars and paralleling the tracks, and the spaces immediately surrounding the pillars, can not be used for railroad purposes.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ROBERT J. CARY, BERTRAND WALKER, HERBERT HAASE, F. HAROLD SCHMITT, HUBERT HOWARD, and A. B. ENOCH, (E. T. GLENNON, and M. L. BELL, of counsel,) for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, HARRY F. ATWOOD, EUGENE H. DUPEE, and TOLMAN, REDFIELD & SEXTON, (ROBERT REDFIELD, and HENRY P. CHANDLER, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

In *City of Chicago* v. *Lord, 277* Ill. 590, the judgment of the superior court of Cook county awarding damages to the New York Central Railroad Company and the Chicago, Rock Island and Pacific Railway Company was reversed and the cause remanded, for the reason, as there pointed out, that the trial court had failed to award compensation for land actually taken for the improvement. The cause

was re-instated under the remanding order, and upon a new trial the court awarded the two railroad companies $2500 to cover the cost of the re-adjustment of their yards, which was the same amount awarded for that item in the former trial; $16,285.84 for land actually taken, owned jointly by the two railroad companies; and to the New York Central Railroad Company $1346.77 for land taken and $1000 for improvements located upon its separate property. The compensation awarded for land taken was for the ground actually underlying the pillars, piers and columns supporting the new viaduct within the 52-foot strip taken for the widening of Twelfth street. The two railroad companies have again appealed from the judgment of the superior court, and urge that the court erred in not awarding damages for the area immediately contiguous to the said pillars, piers and columns, the use of which for railroad purposes, it is contended, will be entirely destroyed, because, in the case of piers, of the necessary clearance required between the nearest railway track and the piers, and in the case of the pillars and columns, because of such necessary clearance as well as the fact that the portion of land north and south of the pillars and columns, on account of their peculiar location parallel with the railroad tracks, cannot be occupied by tracks or otherwise made use of for railroad purposes. It is also contended in reference to another parcel of land over which the improvement is to be constructed, that fifty per cent of the present use of the property for railroad purposes will be destroyed. A portion of this last mentioned parcel is at present used as a driveway to a platform also located thereon and adjoining the team track. There is also a crane or hoist located on this parcel, used for loading and unloading heavy material. The construction of the improvement will necessitate the removal of this crane and will prevent the handling of heavy material on this parcel of land, which constitutes about one-half of the business at present transacted at the loading platform located there.

Benefits were assessed against appellants in the original proceedings, and there was, as stated in *City of Chicago* v. *Lord, supra,* no question raised as to the amount of the benefits assessed. The land for which the appellants claim the court should have awarded compensation is not actually taken by the improvement but is land damaged and not taken. Appellants are not entitled to consequential damages. Following the decision in *City of Chicago* v. *Lord, supra,* the superior court awarded damages for the land actually taken, which was all that appellants were entitled to, and the judgment is affirmed.          *Judgment affirmed.*