## John Sergeant Cram, Trustee, v. City of Chicago.

1. WITNESSES—*May Give Reasons for Estimate of Values of Real Property.*—In an action for damages to real property by the construction of a viaduct, where witnesses have testified to the value of the property before the construction of the viaduct they may properly give their reasons for their testimony.

2. SAME—*Proper to Give the Elements Which Enter into Their Opinion that the Proprety was Damaged.*—Where witnesses have testified that real property was damaged by the construction of a viaduct it is proper for them to state the elements which enter into their opinions as to the property being damaged.

3. EXPERT TESTIMONY—*Upon What Its Weight and Value Depends.*—The weight and value of the testimony of expert witnesses depends largely upon the foundations of fact and of reason upon which their opinions stand.

4. EVIDENCE—*View of the Premises by the Jury.*—In actions for damages to real property by the construction of viaducts, it is within the power of the court to permit the jury to view the premises if, in the exercise of a sound discretion, it is considered necessary, to enable them the better to understand and apply the evidence. But such view, or the facts ascertained by the jury upon it, can not of itself be considered as evidence in arriving at the verdict. The rule is not the same as in condemnation cases, where the statute provides for such views.

5. INSTRUCTIONS—*Estimating Damages upon the Highest and Best Uses to which the Property Can be Put.*—In actions for damages to real property by the construction of a viaduct, an instruction that the jury,

in estimating the damages, should do so upon the highest and best uses to which the property was reasonably susceptible as shown by the evidence, is erroneous.

**Trespass on the Case,** for damages to real property by the construction of a viaduct. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed March 14, 1901.

MASON BROTHERS, attorneys for appellant; HENRY B. MASON, of counsel.

CHARLES M. WALKER, Corporation Counsel, and THOMAS J. SUTHERLAND, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellant sued appellee in case, for damages alleged to have accrued to his real property by the construction by appellee of a viaduct in South Halsted street, in the city of Chicago, over certain railroad tracks which crossed said street. The jury found for the defendant and judgment was rendered on the verdict.

Appellant's counsel object that the verdict is not sustained by the evidence; that competent and material evidence for appellant was erroneously excluded by the court, and that the jury was erroneously instructed.

The evidence was conflicting as to whether or not appellant's property was damaged by the construction of the viaduct, and inasmuch as there must be a retrial of the cause, for reasons hereinafter stated, we think it inexpedient to pass on the question whether the verdict is sustained by the evidence.

The following questions put by appellant's attorney to appellant's witnesses were excluded by the court:

To Frank D. Bartlett, who had testified that before the construction of the viaduct appellant's inside lots fronting on South Halsted street were worth $100 per front foot and his corner lot $150 per front foot: "What are your reasons for thinking it is worth $100 per front foot and

$150 on the corner?"   To William T. Cushing, who had testified that the property was damaged :   "What elements enter into your opinion as to the property being damaged ?" George Birkhoff, Jr., having testified that appellant's property was damaged, and that he had charge of property on three other viaducts in the city, was asked :   "Now as to the particular property which you have had any charge of, viaduct property, what is your experience as to the effect of the viaduct on those properties ?"

The exclusion of the evidence of Bartlett and Cushing was error.

C. & N. W. Ry. Co. v. Town of Cicero, 154 Ill. 656, was a proceeding by the town to extend a street across land of the railway company.   Certain of the witnesses for the company, having testified to the value of the property proposed to be taken, were asked to state the facts on which they based their opinion, and the trial court ruled against the question.   The Supreme Court held this error, saying : " This was error.   The weight and value of the testimony of expert witnesses largely depend upon the foundations of fact and of reason upon which their opinions stand.   The proffered evidence was competent, and it was competent evidence in chief.   The opinions are admissible along with the facts on which they are based," citing prior cases.   Ib. 661–2.

We think the error in ruling against the question put to Cushing was cured by his subsequently being permitted to state the elements which influenced his opinion, but the error in respect to the question put to Bartlett was not cured by anything in his testimony.

James M. Galloway, witness for appellant, testified that he was, by profession, a lawyer, and was also a real estate and loan broker, and had been in the real estate business nearly thirty years, when he was asked by appellant's attorney and answered as follows :

"Q.   What official committee or office have you held, if any ?   A.   I was a member of the executive committee; a member for two years and chairman for one year, and this year I am chairman of the public service committee."

On motion of appellee's attorney, the answer was stricken out. Joseph Donnersberger, witness for plaintiff, on his direct examination testified that he had been in the real estate business about thirty years, when appellant's attorney put the question: "State whether or not you belong to any real estate organization in this city?" This question was objected to by appellee's attorney, and the objection was sustained by the court.

We think the answer of Galloway was competent and the question to Donnersberger proper. The standing of the witnesses among others engaged in a like business, evidenced by their belonging to an organization, or holding office in an organization of such persons, was proper to be considered by the jury, together with other circumstances in evidence, in determining what weight should be given to their testimony. But while we think the evidence should have gone to the jury, we are not prepared to hold that its exclusion, considered alone, is reversible error. A witness having testified that the property was damaged, was asked whether, in his opinion, the effect of the structure was transient or permanent. We are of opinion that the question should have been allowed.

The ruling against the question to Birkhoff was error.

Met. W. Side El. R. R. Co. v. White, 166 Ill. 376, was a proceeding by the company to condemn land for its right of way. In that case the court say:

"On the trial appellees sought to show by witnesses who resided adjacent to other elevated roads and who had realty so adjacent, how elevated roads affected their property. Some of the witnesses answered, but this evidence was held improper by the trial judge and stricken out. In cases of this character witnesses who know the property and are competent to give opinions as to its value may testify as to how its value would be affected, and their previous experience, observation and knowledge of the manner an elevated road affects adjacent property as to its rental and market values may be shown, as that experience, observation and knowledge may show the testimony of the witnesses is entitled to greater effect and weight. The knowledge and observation of a witness may be proven. It is not proper,

however, to show how other property was specifically injured. (Metropolitan Elevated Railroad Co. v. Dickinson, 161 Ill. 22.) To deny a witness the right to possess this knowledge before testifying, would be to require him to be ignorant of the subject-matter about which he testified. To deny the right of having that experience and observation shown to the jury, would be to take away from them the means of weighing the evidence."

The question to the witness Birkhoff was general, viz., as to how the other property on other viaducts in the city, of which he had charge, was affected; that is, whether affected beneficially or injuriously. The question did not call for a specific answer as to the pecuniary extent of benefit or injury.

The court gave to the jury, by appellee's request, the following instruction:

"15. The jurors are instructed that in arriving at your conclusions from the evidence, including your view of the plaintiff's premises and surroundings, and the law as given you in these instructions, you are not required to surrender your individual opinions arrived at from the deliberations of the jury upon such evidence and instructions, in order to secure an agreement," etc.

The remainder of the instruction is not important to be considered.

This instruction informed the jury, in substance, that their view of the premises was evidence which, together with other evidence, they were to consider in arriving at conclusions. In view of the decisions in Vane v. City of Evanston, 150 Ill. 616, and Rich v. City of Chicago, 187 Ib. 396, it can not be regarded as law that the view of premises by the jury, in a case at common law, is evidence. The cases cited were appeals from judgments confirming special assessments, and the jurors were permitted by the trial court to view the assessed premises. In the Rich case, *supra*, the Supreme Court say:

"It was within the power of the court to permit the jury to view the premises, as in cases at common law, if the court, in the exercise of a sound discretion, considered such view necessary or proper to enable the jury better to understand

and apply the evidence. But such view, or the facts ascertained by the jury upon such view, could not, of itself or themselves, be considered as evidence in arriving at the verdict. (Vane v. City of Evanston, 150 Ill. 616; Osgood v. City of Chicago, 154 Id. 194.) The rule is not the same in cases of this character as in condemnation cases, where the statute provides for such view. In the Vane case we said ' that the only purpose of permitting the jury to inspect and view the *locus in quo* is to better enable them to understand the matter in controversy between the parties, and to clear up any obscurity that may exist in the application of the evidence introduced in the case. * * * They were not authorized to consider any fact bearing upon the merits of the controversy derived from such view.' ".

Appellant's counsel complain of appellee's eighth instruction, in that it instructs the jury, among other things, as follows :

" And in this connection the court instructs you that you are entitled to consider any effect upon the fair cash market value of the plaintiff's property, as the result of the establishment of the trolley car system upon Halsted street since the viaduct was built, and also any effect upon such value as the result of the removal of the obstruction by the railroads, by reason of the erection of said viaduct, and which you shall find to be established by the evidence in the case."

In a previous part of the instruction the court had very properly instructed the jury thus :

" In determining whether this property was damaged by the construction of the improvement, the test question is : Was the fair cash market value of this property, as such value was immediately before the construction of the improvement, decreased by reason of this construction? if it, the market value, was so decreased, then it was damaged; but if not so decreased, then it was not damaged, and the verdict of the jury should be accordingly," etc.

The evidence shows that the property, both before and after the construction of the viaduct, had a market value, and such being the case, we are of opinion that it would have been better had the instruction omitted the submission to the jury of the question of the effect on the property of the establishment of the trolley system; but in view of the entire instruction, and other instructions given, we are

not inclined to hold the giving of the instruction reversible error.

Appellant's counsel also object to the following instruction given by appellee's request:

" 11.    The jury are instructed that in estimating the fair cash market value of the plaintiff's property, both before and after the construction of the viaduct, they should do so upon the basis of the highest and best uses to which the property was reasonably susceptible as shown by the evidence in this case.".

It was the province of the jury to determine the fair cash market value of the premises, both immediately before and immediately after the construction of the viaduct, from the evidence in the case, which consisted of the testimony of witnesses as to such values, proof of rental value, etc., and it was competent for the witnesses to consider,.in testifying as to values, all uses and the best uses of which the property was, in their opinion, susceptible, and for the jury to determine the values from the testimony of the witnesses so considering the uses of which the property was susceptible.    But the instruction seems to leave to the jury to determine for themselves, values before and after the construction, regardless of the evidence of witnesses as to such values, and based solely on the evidence as to the uses of which the property was susceptible.    The language is :

" They should do so upon the basis of the highest and best uses to which the property was reasonably susceptible, as shown by the evidence."

We think the instruction erroneous, and especially so in view of the former instruction, which told the jury that their view of the premises was evidence.    Where the evidence is conflicting, the instructions should be accurate.

Appellee's counsel argue with apparent seriousness that there was no sufficient order authorizing the construction of the viaduct, and no proof that the city paid for its construction.    A similar contention was made by the same counsel in City of Chicago v. Spoor, 91 Ill. App. 472, and was held untenable.    The authorities cited in that case fully support the holding in the present case.    N. G. Riter,

# 206 . APPELLATE COURTS OF ILLINOIS.

bridge engineer of the city, testified that the viaduct was constructed by the city, and no cross-error has been assigned.

In view of the entire record, we are of opinion that the case should be submitted to another jury.

The judgment will be reversed and the cause remanded. Reversed and remanded.