The Peoria, Bloomington and Champaign Traction Company, Appellant, *vs.* Frank A. Vance *et al.* Appellees.

*Opinion filed April 23, 1908.*

1. Eminent domain—*when opinions of witnesses do not usurp province of jury.* Opinions of witnesses in a condemnation case as to how much the damages will be to the leasehold and how much the damages will be to land not taken are admissible in evidence, but the basis of such opinions may be inquired into, and the jury must determine the amount of damages sustained according to their own judgment, from a consideration of all the evidence.

2. Same—*value of trees is included in the value of land.* In estimating the value of land condemned, witnesses may give their opinion as to the value of the land with the shade and fruit trees upon it and the value without the trees, as the value of the land necessarily includes the trees upon it; and the fact that the estimates show an exaggerated estimate of the value of the land because of the trees goes to the weight of the evidence and not to its competency.

3. Same—*element of injury to land not taken should not be included in proving value of land.* In a condemnation case it is not proper to allow the element of injury to land not taken to be included in the value of the land taken and then to allow proof of the damages to the remainder of the land by the taking of the strip condemned, thus duplicating the compensation.

4. Same—*what land taken is worth is its fair cash market value.* It is improper, in a condemnation case, to allow the question, "What, in your judgment, is that land worth,—the four and one-half acres,—as it was when the railroad took it?" since the question at issue is the fair cash market value of the land, and the examination should be confined to that question and not extended to the worth of the land measured by any other standard.

5. Same—*damage to leasehold for unexpired portion of term should be deducted from reversion.* In a condemnation proceeding, where the owner of the farm and his lessee are each awarded damages, it is error to instruct the jury to allow the owner of the fee all damages for the land not taken, without advising them that so much, if any, of said damages as consisted of a depreciation in the rental value of the land during the unexpired portion of the lease should be allowed to the lessee and deducted from the amount allowed to the owner of the fee.

6. Same—*when condemnation judgment is sufficiently certain.* A condemnation judgment which describes the land taken by metes and bounds is sufficient, where, by reference to the verdict and the petition and cross-petition, the descriptions of the land damaged and of the leasehold interest sufficiently appear.

7. Same—*when counsel's conduct in argument is improper.* In arguing a condemnation case to the jury it is improper for counsel to appeal to the prejudice against foreign capitalists and the invasion of private rights by railroad corporations, or to refer to the amount of a former verdict in the case.

Appeal. from the County Court of McLean county; the Hon. Rolland A. Russell, Judge, presiding.

Sigmund Livingston, and William R. Bach, for appellant.

Welty, Sterling & Whitmore, for appellees.

Mr. Justice Dunn delivered the opinion of the court:

Appellant filed its petition to condemn a strip of land about eighty-two and one-half feet wide off of the south side of appellees' farm for a right of way upon which to construct and operate an interurban electric railroad. The judgment rendered upon the first trial was reversed upon appeal. In the opinion then rendered (225 Ill. 270,) will be found a statement of the case and description of the premises. Upon the case being re-instated in the county court, James Burton, Sr., and James Burton, Jr., who were tenants of the premises under a three-year lease, were made parties defendant. They filed a cross-petition claiming dam-

ages to their leasehold interest. At the time of the second trial· the company had taken possession of the land and was operating the road. The jury viewed the premises, and after hearing the evidence returned a verdict fixing the value of the land taken at $1400 and the damage to the land not taken at $1600 and the damage to the Burtons at $150. Judgment was entered upon the verdict, from which this appeal is prosecuted by the petitioner.

It is objected that the court permitted witnesses for appellees to testify how much the damages would be to the leasehold instead of what would be the decrease in the rental value of the land, and how much the damage would be to the land not taken instead of what was the value of the land before and after the construction of the railroad, and that thereby the witnesses were permitted to cover the very question to be found and to usurp the province of the jury. A similar objection was overruled in *Spear* v. *Drainage Comrs.* 113 Ill. 632. The jury are not bound by the opinions of the witnesses, and it is proper to call out the basis of such opinions and the theories and processes by which they are derived; but such opinions are admissible in evidence, and it is the duty of the jury to determine the amount of damages sustained according to their own judgment, in consideration of all the evidence before them. *Green* v. *City of Chicago,* 97 Ill. 370; *Lovell* v. *Drainage District,* 159 id. 188; *Keithsburg and Eastern Railroad Co.* v. *Henry,* 79 id. 290.

Objection is made to the fact that appellees' witnesses were asked to include in their estimate of the value of the land taken the shade and fruit trees, of which a number stood upon the land taken. The trees were a part of the land, and the value of the land necessarily included the trees. It would not have been proper to prove the value of the trees independent of the land, and this was not done. The witnesses testified to the value of the land without the trees, and also to its value with the trees. In the opinions given

the trees materially increased the value of the land, and it was proper to show this fact. If the estimates given showed an exaggerated notion of the value of the land because of the trees, this went only to the weight of the evidence—not to its competency.

Appellees were permitted to examine a witness as follows:

Q. "Now, have you a judgment as to the value of that land as it was there last summer when the railroad took it?

A. "I think so.

Q. "Including trees as a part of the farm,—just with trees, land and all together,—what, in your opinion, was it worth? (Objected to by petitioner; objection overruled by court and petitioner excepted to ruling of court.)

A. "About $1500. The land not taken will decrease in value. It will decrease $2500."

In this case the appellees were permitted, in proving the value of the land taken, to show its value as a part of the farm, including trees, and in addition to prove the damages to the rest of the farm. Here appellees were clearly permitted to include in the value of the land taken, the element of injury to the remainder of the farm, and then to prove the damages to the remainder of the farm by reason of taking this strip, thus duplicating the compensation. The same course was pursued in the examination of other witnesses. In the case of *Prather* v. *Chicago Southern Railroad Co.* 221 Ill. 190, it was said: "The court then refused to allow the following questions propounded to these witnesses on cross-examination to be answered, viz.: 'Well, now then, is it worth any more when you take a strip that way one hundred feet wide through there?' And, 'To take from a man a long strip about one hundred feet wide and three-fourths of a mile long, of the kind of land that you know that to be, wouldn't it be worth more than $125 per acre?' We find no error in the ruling of the court in this respect. The question as propounded called for the opinion of the

witnesses as to the value of the strip of land when taken out of a farm as a strip, which also included in it, as an element of damage, the injury to the remainder of the farm. The only measure of compensation for the strip of land taken was its fair cash market value, independent of any consequential damage to lands not taken." The appellant's objection should have been sustained.

The appellant objected to the following question put to the witness J. F. Hall: "What, in your judgment, is that strip of land worth,—the four and one-half acres,—as it was when the railroad took it?" The objection was overruled. It should have been sustained. Substantially the same question was put to other witnesses over appellant's objection. The question at issue was the fair cash market value of the land, and the examination should have been confined to that question and not extended to the worth measured by any other standard.

Complaint is made that appellant was unduly restricted in the cross-examination of witnesses, and that appellees, on the re-direct examination of their witnesses, were permitted to have them repeat their testimony in chief and were allowed to ask leading questions. The record indicates some ground for these objections, but as they will no doubt be avoided on another trial we do not think it necessary to consider them here in detail.

Error is assigned on the giving and refusing of instructions. The twenty-nine instructions given at the request of the appellant practically covered every proposition upon which it was material to have the jury informed and supplied the deficiencies in the instructions given for appellees, except in one particular. The jury was informed by appellees' instructions that in assessing the damages to the owners of the fee, the Vances, it would be the duty of the jury to allow them such damages for the land not taken as such land would sustain in its fair cash market value. This included all damages for the land not taken, and the jury

was nowhere informed that so much, if any, of said damages as consisted of depreciation in the rental value of the land during the unexpired portion of the lease to the Burtons should be allowed to the latter and deducted from the amount allowed to the Vances, the reversioners. The compensation awarded to the lessees was $150, but the jury was not instructed that the appellant was entitled to have the compensation of the reversioners reduced a corresponding amount.

It is claimed that the judgment is uncertain because it does not contain a sufficient description of the property. It describes by metes and bounds the property taken, and by reference to the verdict and the petition and cross-petition the descriptions of the land damaged and of the leasehold interest sufficiently appear. *Suver* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 293.

The bill of exceptions shows the following to have occurred at the trial: In the closing argument on behalf of the defendants their counsel made the following statement: "How much do you suppose the money changers of New York City and Toronto, Canada, are interested in the farmers?" Objected to by petitioner; objection overruled by the court, and the petitioner then and there excepted to ruling of the court. Counsel continuing: "How much do you suppose the owners of these railroads are interested in the farmers of this community? They are here to invade our premises for the money that there is in it for themselves,— nothing else." Objected to by petitioner; objection overruled by court, and the petitioner then and there excepted to ruling of the court. Counsel continuing: "That is what they are in here for. I make that statement in reply to the statement made by your (opposing counsel's) colleague, who stated that it was for the benefit of the farmers that they are here to build the railroad. Now, they are here to build them just as cheap as they can. They are here to go through the very choicest and best of our magnificent farms.

They are here to go wherever they please to go, and it is your duty as citizens of this county to see to it that they pay to the men where they go through every dollar of damage that they suffer." Objected to by petitioner; objection overruled by court, and the petitioner then and there excepted to ruling of the court. Defendants' counsel further said: "The witness Harris, on the former trial, said that the damage to the land not taken was $2500 and the value of the land taken $900, making the damage $3400, so that he comes just within $100 of what the verdict was that the former jury returned." Objected to by petitioner; objection sustained by court, and the petitioner then and there excepted to said argument.

Of course, there was no evidence in regard to the money changers of New York and Toronto or to the motives of the builders of the road. The petitioner was exercising its right, under the law, to acquire a right of way for its railroad. The sole question was the compensation to be paid for the value of the land taken and the damages to that not taken. In making such an assessment of damages an appeal to prejudice against foreign capitalists and the invasion of private rights was improper and the objection to it should have been sustained instead of overruled. It would have been error to admit evidence of the verdict on the former trial. It was entirely unjustifiable for counsel to state it to the jury. True, the court sustained appellant's objection; but the fact was before the jury to the same extent as if formally proved.

The verdict is a large one for appellees. It is claimed to be excessive. The evidence is conflicting, and if the trial had been free from error we should not probably reverse the judgment on account of the amount of the verdict, but in view of the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*