## REVELL, *et al.* v. CITY OF MUSKOGEE.

No. 2491.   Opinion Filed January 7, 1913.

(129 Pac. 833.)

1.   **APPEAL AND ERROR** — Order Granting New Trial — Review.
When the trial judge grants a motion for new trial, his ruling will
not be reversed, unless it appears to have been based upon an error
of some pure question of law.

2.   **EMINENT DOMAIN—Value of Land Taken—Particular Use.**   In
ascertaining the value of land taken under eminent domain, its
market value is the test, and not its value for some particular use
to which it might be subjected, although its adaptability to this
use may be considered as one of the factors in ascertaining its
market value.

(Syllabus by Ames, C.)

*Error from District Court, Wagoner County;*
*John H. King, Judge.*

Action by the City of Muskogee against O. D. Revell and
others. Judgment for defendants, and from an order granting
plaintiff's motion for a new trial, defendants bring error. Affirmed.

*Hutchings, Murphey & German,* for plaintiffs in error.

*Bailey & Wyand* and *Owen & Stone,* for defendant in error.

Opinion by AMES, C.   This is a proceeding by the city of
Muskogee against O. D. Revell and others to condemn an alley
between and parallel with Broadway and Okmulgee avenues,
and running from Third Street west; a part of the ground taken
being a part of lot 2 of the block and the remainder a part of
lot 3. Lots 2 and 3 belonged to different owners, although some
of the number were owners of undivided interests in both lots.
Upon the trial the jury returned a verdict against the city for
$7,500. The city filed a motion for a new trial, which was
granted. The appeal is taken by the owners from this order
granting a new trial.

The decision of the trial court must be affirmed, as it is the well-settled rule of this court that an order granting a new trial will not be reversed here, unless it is apparent that the court erred upon some question of law. It is not so apparent upon this record, as it may be that the trial court was of the opinion that the judgment was not supported by the evidence. It is stated by the plaintiffs in error that the trial court's reason for granting a new trial was because of error which he thought had been committed in giving an instruction to the jury; but the defendant in error does not concede this statement, and the record does not disclose the exact reason which moved the court, and, as we cannot say that the court erred on any pure question of law, the judgment must be affirmed. *Sharp v. Choctaw Ry. & Lighting Co.,* 34 Okla. 730, 126 Pac. 1025, and the cases therein cited.

As the case, however, is here, and as it must be tried again, and as the correctness of the instruction complained of is argued at length by counsel for both sides, we will examine it. The instruction is as follows:

"When only a part of defendants' property is taken by condemnation for public use and the residue is left, as in this case, it is proper for you to consider the use to which it is adapted in connection with the part so left, if it is shown by the evidence it possessed any higher value by reason of such use. In this case, if you find from the evidence that the portion of the block sought to be condemned by the city for public use, through the block owned by the defendants, was adapted to the use of an elevator or heating plant, for the use of a building erected or to be erected on the entire block of ground owned by the defendants, and by the taking of such strip of ground for an alley through said block the defendants were deprived of its value for such purpose or purposes, then I instruct you that you should consider the value of such property for said specific use in arriving at the damages the defendants have suffered, if any, by the taking of such property for an alley."

If the trial judge concluded that there was error in this instruction and granted the new trial on that ground, we think he was correct, as the instruction might have led the jury to believe that they should fix the value of the property for some specific use, rather than at its market value. The rule is well

stated in 2 Lewis on Eminent Domain (2d Ed.) pars. 478 and 479, as follows:

"All the facts as to the condition of the property and its surroundings, its improvements and capabilities, may be shown and considered in estimating its value. Of course, circumstances and conditions tending to depreciate the property are as competent as those which are favorable. Facts affecting the value of the property may be shown, though they have become known since the taking or since the commencement of the proceedings. Where land was available for both mining and town lot purposes, it was held error to compel the owner to elect whether he would prove its value for one or the other. If property has no market value, then it is a question of real or actual value, and every fact bearing upon such value may be shown, and those acquainted with the property and its surroundings may give their opinion of its value, though not experts in the strict sense.

"The market value of property includes its value for any use to which it may be put. If, by reason of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact of such adaptation may be taken into consideration in estimating the compensation. Some of the cases hold that its value for a particular use may be proved, but the proper inquiry is: What is its market value in view of any use to which it may be applied and of all the uses to which it is adapted?"

The authorities supporting this rule are collected in the notes to the sections quoted, and it is unnecessary for us to repeat them here.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.