## CITY OF TULSA v. LLOYD et al.

No. 18001.  Opinion Filed Nov. 15, 1927.

Rehearing Denied Jan. 24, 1928.

(Syllabus.)

1. **Eminent Domain — Condemnation for Easement Across Land—Value of Growing Trees or Crops to Be Considered in Ascertaining Damage.**

Growing trees or crops upon land sought to be condemned under the right of eminent domain are part of the real estate and should be valued as such, and where an easement across such real estate is sought, evidence may be introduced showing the value of such growing trees or crops, not as a separate item or entity, but for the purpose of making up the various items of damage and arriving at the total damage to the real estate.

2. **Same—Value of Land—Market Value the Test—Adaptability for Particular Use.**

In ascertaining the value of land taken under eminent domain its market value is the test, and not its value for some particular use to which it might be subjected, although its adaptability to a particular use may be considered as one of the factors in ascertaining its market value, and evidence to show such adaptability may be introduced.

3. **Trial—Sufficiency of Instructions Considered as a Whole.**

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by City of Tulsa against E. J. Lloyd and another. Judgment for defendants, and plaintiff appeals. Affirmed.

H. O. Bland, Harry L. S. Halley, H. M. Gray, and C. W. Harwood, for plaintiff in error.

E. G. Wilson, H. B. Martin, Christy Russell, and C. A. Warren, for defendants in error.

PHELPS, J. As the parties hereto occupy the same relative positions they occupied in the trial court, they will be referred to as plaintiff and defendant.

Plaintiff, desiring to obtain an easement 20 feet wide and more than one-half mile long across the property of defendant for the purpose of laying a sewer line, instituted proceedings under the law of eminent domain to procure the same. The question as to defendant's damages was submitted to a jury in the district court of Tulsa county, which fixed such damages at the sum of $1,000, and from the judgment for said amount plaintiff prosecutes this appeal.

Plaintiff sets out 12 assignments of error, but counsel present them in their briefs under three propositions, one of which is that the verdict of the jury and the judgment of the court thereon is not sustained by sufficient evidence and is excessive, but a glance at the record shows this assignment of error to be without merit.

This court has so repeatedly held in cases of this kind that where there is any evidence reasonably tending to support the verdict of the jury it will not be disturbed on appeal that it is unnecessary to cite authorities thereon. This verdict is reasonably supported by the evidence, and unless we can say that there were errors of law in submitting the case to the jury, the verdict and judgment must stand.

Plaintiff complains that the court admitted incompetent, irrelevant and immaterial testimony in allowing the defendant to prove the value of growing trees on the land in question. Most of the authorities cited by plaintiff in support of its contention are cases

wherein the land itself was taken, and under such conditions it is well settled that evidence is not admissible to show the value of trees, gravel, sand, rock, etc., as a distinct item, separate and apart from the land, but the evidence must be confined to the reasonable market value of the land as it stands, embracing such trees, gravel, sand, rock. etc.; but where a mere easement across a tract of land is sought and the owner is permitted to keep the land, a slightly different rule obtains, for the reason that the damage sustained consists, not in the taking of the title to the land itself, but in burdening it with the easement with the inconveniences and annoyances to the owner necessarily resulting therefrom, together with the destruction of growing timber, crops, etc., that may be upon the land at the time, and, while defendant is not permitted to recover the value of such trees as a separate item, he is entitled to show the value of the growing trees or crops destroyed as constituting a portion of the real estate in order to fix the total damage to the tract or parcel of land so damaged. Tri-State Telephone Co. v. Cosgriff (N. D.) 124 N. W. 75; Peoria Co. v. Vance (Ill.) 84 N. E. 607.

It appears that the tract of land across which the easement was sought was near the corporate limits of the city of Tulsa and that the adjoining property had been laid out as an addition and lots were being sold therein and evidence was introduced tending to show its value for town-site purposes, and plaintiff insists that the court committed error in admitting such testimony.

20 C. J. 774, lays down the rule that:

"It may be shown that the ground is adapted to be cut up into city lots and used for city improvements, or that it may be subdivided into smaller building lots. It is immaterial that the land is not at the time built upon, that the owner has not filed a town plat, or that the land is used by the owner only for farming or dairy purposes. If the land is suitable for another purpose as well as for being adapted to division into city lots the owner cannot be compelled to elect whether he will prove the value for one purpose or the other."

In Revell v. City of Muskogee, 36 Okla. 529, 129 Pac. 833, this court said:

"The market value of property includes its value for any use to which it may be put. If, by reason of its surroundings. or its natural advantages. or its artificial improvements, or its intrinsic character. it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact

of such adaptation may be taken into consideration in estimating the compensation."

We, therefore, conclude that the testimony offered, both as to the trees destroyed and as to the adaptability of the land for town-site purposes, was properly admitted.

Instructions numbered 2 and 3 given the jury define the measure of damages and the method of arriving at the same, and plaintiff contends that the court committed error in giving these two instructions, although the record fails to show that plaintiff saved its exceptions to the giving of such instructions.

A careful examination of all the instructions given convinces us that, under the rule laid down in Hope Natural Gas Co. v. Ideal Gas Co., 114 Okla. 30, 243 Pac. 206 the instructions taken as a whole were sufficient and no prejudicial error was contained therein. The judgment of the trial court is, therefore, affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 20 C. J. p. 798, §245. (2) 20 C. J. p. 728, §188; pp. 769, 773, § 228. (3) 38 Cyc. pp. 1598, 1778, 1779; 14 R. C. L. p. 817; 3 R. C. L. Supp. p. 298; 4 R. C. L. Supp. p. 922; 5 R. C. L. Supp. p. 781; 6 R. C. L. Supp. p. 834. See under (1, 2) 10 R. C. L. p. 129; 2 R. C. L. Supp. p. 976; 5 R. C. L. Supp. p. 545; 6 R. C. L. Supp. p. 598.