**CITY OF TULSA, a Municipal Corporation, Plaintiff in Error,**

v.

**A. E. BILES and Fleta Alice Biles, Defendants in Error.**

No. 38982.

Supreme Court of Oklahoma.

Feb. 21, 1961.

As Amended March 27, 1961.

Rehearing Denied March 28, 1961.

Harry M. Crowe, Jr., Tulsa, for plaintiff in error.

Baker & Baker, Tulsa, for defendants in error.

JOHNSON, Justice.

The City of Tulsa commenced this action to condemn for municipal purposes 80 acres of land southeast of Tulsa, Oklahoma, belonging to A. E. Biles and Fleta Biles, husband and wife. On a trial to the jury, after objections to the report of commissioners and request for jury trial, judgment was entered on a verdict for the defendants for $75,000, and plaintiff has appealed. Reference to the parties shall continue as designated in the trial court.

During the trial defendants called three witnesses to determine the value of the 80 acres and improvements thereon. Paul Edwards valued the land at $900 per acre and the improvements at $5,000, making a total of $77,000; A. L. Graham fixed the value of the land at $850 per acre and the improvements at $11,148, making a total of $79,148; and Barry Dayton fixed the value of the land at $1,000 per acre and the improvements at $8,000, making a total of $88,000. Each of these witnesses was asked whether the land was suitable for subdivision into two and one-half or five acre plots for homes, and they answered in the affirmative. Each was then asked what a tract so divided would sell for, and the witnesses gave a market value from $1,500 to $2,500 based on the size of such suggested lot and based the value on their knowledge of the value of other lots or tracts within a range of not to exceed three miles. After the witness Edwards had given his testimony as to the total value of the acreage or premises, he was asked and answered the following questions:

"Q. Do you know of any 80 acres of land within three miles of this that you can buy, for the figure that you have put on here of $77,000.00 with similar improvements today?

"Mr. Crowe: To which we object as incompetent, irrelevant, and immaterial.

"Mr. Baker: I say that it is competent.

"The Court: The objection will be sustained as far as phrasing is concerned that he can buy, if he knows he can testify as to the valuation but he can't testify as to where other properties that another person can buy.

"Mr. Baker: Alright.

"Q. (By Mr. Baker) Do you know of any 80 acres of land with similar improvements even a little cheaper than ours within three miles of there that is on the market today for a figure such as you have put here of $79,000.00 in Tulsa County?

"Mr. Crowe: To which we also object, Your Honor, as to being immaterial.

"The Court: Overruled.

"Mr. Crowe: Note our exceptions.

"The Court: Exceptions allowed.

"A. (By the witness) No Sir, not in Tulsa County."

■ It is first argued the trial court committed reversible error in allowing the witness Edwards to give the above set out and quoted testimony as to the value of a similar 80 acres. Plaintiff cites Blincoe v. Choctaw, Oklahoma and Western Ry. Co., 16 Okl. 286, 83 P. 903, 4 L.R.A.,N.S., 890; and Consolidated Gas Service Co. v. Tyler, 178 Okl. 325, 63 P.2d 88, which, in effect, hold that it is error to admit in evidence offers to purchase similar lands or locations to determine the market value of the land in question. These cases are not in point. The witness did not testify to any offers made. His answer was negation. We find no reversible error in its reception.

■ In its second proposition plaintiff contends that the trial court erred in admitting evidence of value of defendants' land if it were sold off in small tracts. Plaintiff cites Kansas City & T. Ry. Co. v. Vickroy, 46 Kan. 248, 26 P. 698, and Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773. These cases are readily distinguishable from the one under consideration. In Thornton v. City of Birmingham, supra, there was offered in evidence a plat or plan to determine the value of each lot in a subdivision, and it was held error so to do. In State Highway Commission v. Deal et al., 191 Or. 661, 233 P.2d 242, 245, the Supreme Court of Oregon likewise held it error to offer as the market value the combined value of lots in a proposed plat or plan. Therein the court stated:

"* * * We quote from 2 Lewis, Eminent Domain (3d ed.):

"'The market value of property includes its value for any use to which it may be put. If, by reason of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact of such adaptation may be taken into consideration in estimating the compensation. Some of the cases hold that its value for a particular use may be proved, but the proper inquiry is, what is its market value in view of any use to which it may be applied and of all the uses to which it is adapted?' 1233, § 707.

"'* * * It is proper to show that the property is suitable for division into village lots and that it is valuable for that purpose, but it is not proper to show the number and value of such lots as separate parcels.' 1236, § 707."

In 2 Nichols on Eminent Domain (2d Ed.) 1170, Sec. 445, it is stated:

"Evidence of the value of the property for any use to which it is reasonably adapted, is, as already stated, admissible, but such evidence must be limited to a bare statement why the property is adapted for a particular purpose and to testimony of its value for such purpose. As bearing upon these issues the owner may offer a plan showing a possible scheme of development for the purpose for which it is

most available, but he cannot go further and describe in detail to the jury a speculative enterprise for which in his opinion or that of some expert the land might be used, and base his estimate of value upon the profits which he would expect to derive from the enterprise. * * *"

In State Highway Commission v. Deal, supra, it is stated:

"In a condemnation case of this kind there is only one issue for the jury and that is the fair cash market value of the property taken at the time of the taking. On that issue it is competent to show that the land is available for subdivision. * * *"

In estimating the market value any and all purposes to which the land may be reasonably adapted should be considered. People v. Olsen et al., 109 Cal.App. 523, 293 P. 645; Sacramento Southern R. Co. v. Heilbron, 156 Cal. 408, 104 P. 979. In People v. Olsen, supra [109 Cal.App. 523, 293 P. 649], it is stated:

" * * * When the land is so situated that it is reasonably suitable for subdivision purposes into city or town lots which adaptability would enhance its value, that fact should be taken into account in estimating the market value of the tract. * * *"

In City of Tulsa v. Lloyd et al., 129 Okl. 27, 263 P. 152, 153, the City of Tulsa condemned a right of way across a certain tract of land for use as a sewer conduit. Therein it is stated:

"It appears that the tract of land across which the easement was sought was near the corporate limits of the city of Tulsa, and that the adjoining property had been laid out as an addition, and lots were being sold therein, and evidence was introduced tending to show its value for town site purposes, and plaintiff insists that the court committed error in admitting such testimony.

"20 C.J. 774, lays down the rule that:

" 'It may be shown that the ground is adapted to be cut up into city lots and used for city improvements, or that it may be subdivided into smaller building lots. It is immaterial that the land is not at the time built upon, that the owner has not filed a town plat, or that the land is used by the owner only for farming or dairy purposes. If the land is suitable for another purpose as well as for being adapted to division into city lots, the owner cannot be compelled to elect whether he will prove the value for one purpose or the other.'

"In Revell v. City of Muskogee, 36 Okl. 529, 129 P. 833, this court said:

" 'The market value of property includes its value for any use to which it may be put. If, by reason of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact of such adaptation may be taken into consideration in estimating the compensation.' "

In the syllabus of that case it is stated:

"In ascertaining the value of land taken under eminent domain, its market value is the test, and not its value, for some particular use to which it might be subjected, although its adaptability to a particular use may be considered as one of the factors in ascertaining its market value, and evidence to show such adaptability may be introduced."

City of Tulsa v. Lloyd, supra, has never been cited or commented upon and is apparently unquestioned authority in this jurisdiction.

Neither witness fixed the value of any specific lot or tract in a proposed subdivision on land of the defendants. Each witness fixed an overall value on the acreage and the improvements.

Finding no error requiring reversal, the judgment is affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JACKSON and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and IRWIN, J., concur in result.