THE PEOPLES GAS LIGHT AND COKE COMPANY, Petitioner-Appellant, *v.* THE EDGAR COUNTY BANK AND TRUST CO., Trustee, *et al.*, Respondents-Appellees.

(No. 12832;

Fourth District—October 30, 1975.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Joseph W. Phebus, of counsel), for appellant.

Massey, Anderson & Gibson, of Paris (Earl R. Anderson, of counsel), for appellees.

Virginia Maltby, *pro se.*

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The Peoples Gas Light and Coke Company appeals from a jury verdict granting the corporation certain exclusive rights, privileges and easements, but awarding the owners of the affected land sums of $24,000 for the easement under one parcel and $11,000 for the easement under the other.

The proceedings began when Peoples Gas Light and Coke Company filed a petition to condemn certain easements in connection with development of a gas storage field near Brocton, Illinois. The surface easements are not in dispute on appeal. Rather, this court is concerned only with the amounts awarded when the trial court granted Peoples Gas the exclusive right to introduce and store gas in the Devonian formation, a dome-shaped limestone aquifer more than 500 feet beneath the surface of the disputed parcels and separated from the surface by an impervious shale formation ranging in thickness from 75 to 95 feet.

The evidence at trial was that the highest and best use of both tracts was agricultural. Witnesses for both petitioner and respondents agreed that storage of gas in the Devonian formation, 400 feet below the water table and at least 490 feet below the depth required for normal farming operations, would in no way affect or interfere with farming, the fertility of the soil or the use of the land surface. Geological studies revealed no mineral or oil deposits of any value beneath the disputed land. Still,

Peoples Gas agreed in a unilateral stipulation to meet any additional costs which might accrue to the land owners by virtue of the storage field, should they someday desire to drill below the Devonian formation. Such drilling would, however, be subject to the specifications of the gas company.

The respondents' appraisal witnesses testified as to general experience appraising real estate; none had experience with land subject to a comparable storage easement. Though they conceded the condemnation would not interfere with normal agricultural operations, they stated that any interference with the owners' "bundle of rights" lowered the market value of land. While their precise estimates varied slightly, all said the diminution and market value would be in excess of $100 an acre.

Petitioner's appraisal witnesses testified that the land above the Devonian formation would be unaffected by the easement but that nominal damages of $1 an acre would be appropriate in view of the interference with the owners' "bundle of rights." With both its appraisal witnesses, Peoples Gas made an offer of proof as to their experience with the effect of comparable gas storage fields on land values in other areas. Specifically, the witnesses were to testify that detailed studies of Manlove storage field near Mahomet, Illinois, had revealed no effect on the sale value of affected lands. In this regard, an offer of proof as to the geological and topographical similarity of the Brocton and Manlove storage fields was also made. The trial court refused all these offers. The jury's verdict awarded damages amounting to $78.24 per acre for the 140.6-acre tract and $78.84 per acre for the 304.4-acre tract.

■■ Peoples Gas contends on appeal that it was error to refuse the offer of proof as to basis for the experts' opinion. We agree. The evidence of sales in and around the Manlove storage field was offered not to establish the value of any individual parcel, but rather to demonstrate that these appraisers based their claim of minimal damage on familiarity with the impact of similar developments on the sales of comparable property. Illinois courts have repeatedly held that it is proper to inquire of an expert witness the basis of his opinion (*Keystone Steel & Wire Co. v. Industrial Com.*, 42 Ill.2d 273, 246 N.E.2d 228; *Peoria, Bloomington & Champaign Traction Co. v. Vance*, 234 Ill. 36, 84 N.E. 607), and that an expert's opinion can best be weighed only when the facts underlying it are revealed in court. (*City of Chicago v. Equitable Life Assurance Society*, 8 Ill.2d 341, 134 N.E.2d 296; *Chicago & Northwestern Ry. Co. v. Town of Cicero*, 154 Ill. 656, 39 N.E. 574; *People v. Burress*, 1 Ill.App.3d 17, 272 N.E.2d 390; *Manion v. Brant Oil Co.*, 85 Ill.App.2d 129, 229 N.E. 2d 171.) It has been specifically stated that the opinion of an expert is

of value only when it is based upon, and in harmony with, facts which are capable of verification by the court. *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.*, 12 Ill.App.3d 165, 298 N.E.2d 289.

■■ The standard of damages where an easement has been condemned for gas storage is, as in other easement cases, diminution of the fair cash market value of the property burdened by the easement. (*Peoples Gas Light & Coke Co. v. Buckles*, 24 Ill.2d 520, 182 N.E.2d 169.) Where a railroad instituted proceedings to condemn land for its right-of-way, it was called error to refuse to allow land owners to show by proper witnesses how elevated roads affected the value of other adjacent property. (*Metropolitan West Side Elevated R.R. Co. v. White*, 166 Ill. 375, 46 N.E. 978.) Similarly, it was error to refuse the testimony of one who had charge of property adjacent to viaducts as to the impact of viaducts on the value of the properties. (*Cram v. City of Chicago*, 94 Ill.App. 199.) We see no reason to hold that evidence which would be admissible to show a diminution in value may not be introduced where it tends to show no diminution in value.

Here, the land owners' experts testified as to general experience in the field of appraising, but admitted to having no familiarity with the impact of gas storage fields on land values. To refuse petitioner's witnesses the opportunity to establish their expertise in this area was to put them on a level with respondents' admittedly inexperienced witnesses. Since the jury had no evidence other than the experts' opinion on which to base its award of damages, the likelihood of prejudice was great. The verdict, which falls in the middle ground between the estimates offered by petitioner and respondents, may reflect the jury's inability to pick among the experts.

We do not accept the petitioner's contention that only nominal damages may be awarded as a matter of law. The proper measure of damages, as mentioned above, is diminution of the fair cash market value of the burdened property. Should the jurors conclude, after hearing all relevant and competent evidence, that the easement will have no measurable impact on market value, they may conform their verdict accordingly.

■■ Several motions were taken with the case. Peoples Gas moved to amend its notice of appeal by changing the figure "$24,000" (representing the verdict as regards the larger parcel only) to read "$35,000" (the sum of the verdicts for both parcels). Other language in the notice makes clear that the intent was to appeal as to both parcels; moreover, the issues as to both parcels are identical, so respondents were not prejudiced by the injection without notice of questions they had not briefed. The motion to amend is granted.

The other motions also taken with the case were primarily concerned

with respondent Virginia Maltby's contentions that she was not legitimately represented by counsel for the respondents. In view of our disposition of this case, we do not find it necessary to rule on these motions.

Reversed and remanded.

SIMKINS, P. J., and GREEN, J., concur.