**STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Appellant,**

*v.*

**Eldee PANELL, Appellee,**

and

**Cherokee County Treasurer, Defendant.**

No. 78727.

Court of Appeals of Oklahoma, Division No. 1.

March 30, 1993.

C. Bart Fite, Wright, Stout & Fite, Muskogee, for appellant.

Tim K. Baker, Baker & Baker, Tahlequah, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Eldee Panell (Landowner) and her now deceased husband purchased 69 acres of undeveloped land in 1948. In 1965, the western portion of the original 69 acres was developed as residential property. From 1968 to 1971, the eastern portion of the original 69 acre tract was developed as residential property. The remaining 39 acre tract is the subject of the action below and this appeal.

The State of Oklahoma ex rel., Department of Transportation (DOT) filed a condemnation action against Landowner seeking 8.08 surface acres of the 39 acre tract. DOT sought the 8.08 acre tract to be used for the location, construction and maintenance of a state road. In the condemnation petition, DOT asked the Court to appoint Commissioners to appraise the damages or compensation to which the Landowner might be entitled. The Commissioners appointed by the Court found the compensation and/or damages due landowner to be $52,900.00. Landowner rejected the amount of compensation set by the Commissioners and demanded a jury trial. Cherokee County Treasurer was also named as a party below, but disclaimed any interest in the action and is not a party to this appeal.

At trial, Landowner introduced evidence that she intended to develop the tract as residential property some day in the future, and therefore, the correct valuation of the property was on a per lot basis or a development approach. DOT filed a motion in limine prior to the trial and objected to the introduction of evidence using the development approach, stating that the property involved was raw land with no steps taken toward development. DOT renewed the objection at trial. The Court denied DOT's objection and allowed Landowner to introduce evidence that valued her property, both before and after the date of taking, by estimating development costs and basing her damages upon the number of fictitious residential lots that were allegedly taken or damaged. Landowner testified her damages to be $134,000.00. After trial, the jury rendered a verdict in favor of Landowner in the amount of $65,000.00.

DOT appeals and contends the Court erred in allowing the Landowner and her witnesses to introduce evidence valuing the undeveloped land on a per lot basis using a fictitious plat and the development approach. DOT points to the testimony offered at trial by Landowner and her witnesses that she had taken no action to develop the acreage; no streets or utilities had been installed; no plat subdividing the

property had been prepared prior to the taking; an engineer had been hired by Landowner to prepare a fictitious plat after the taking, and just prior to trial; and, the acreage was now being used as a rural homesite. Using the development approach, Landowner estimated her development cost and based her damages upon the number of fictitious lots that were taken or damaged. Landowner determined that nine fictitious lots were taken, eight fictitious lots were partially taken and twenty-eight fictitious lots were damaged by the taking.

Most jurisdictions exclude the development approach or valuing undeveloped property as too speculative in nature. Oklahoma is among those jurisdictions. In *City of Tulsa v. Biles,* 360 P.2d 723 (Okl. 1961), the Supreme Court held:

> Evidence on the value of the property for any use to which it may be reasonably adapted, is, as already stated, admissible, but *such evidence must be limited to a bare statement* why the property is adapted for a particular purpose and to testimony of its value for such purpose. As bearing upon these issues the owner may offer a plan showing a possible scheme of development for the purpose for which it is most available, *but he cannot go further and describe in detail to the jury a speculative enterprise for which in his opinion or that of some expert the land might be used, and base his estimate of value upon the profits he would expect to derive from the enterprise.* (*City of Tulsa,* at 725, 726, quoting 2 Nichols on Eminent Domain (2d Ed.) 1170, § 445, emphasis added.)

The rule set down in *City of Tulsa* has not been followed here. Landowner was allowed to introduce evidence, including a plat of a purely fictitious subdivision that was, by her own admission, of a purely speculative nature. While a plat may be offered to show the suitability of an undeveloped tract of land for residential purposes, it may not be used to show the value of the proposed lots and the damages resulting from the taking or damage to those lots. Further, it was error for the Court to allow evidence of comparable sales which took place after the taking. See *Onego Corp. v. U.S.,* 295 F.2d 461 (10th Cir.1961).

Because we find that it was error for the Court to admit evidence of the speculative development, it is unnecessary for us to determine further contentions asserted by DOT.

REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

ADAMS, P.J., and JONES, J., concur.